UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12 CR 10 |
| | ) | |
| JOSEPH MILLER | ) | |

**OPINION and ORDER**

This matter is before the court on defendant Joseph Miller's motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 185.) For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In August 2014, following his jury trial, Miller was sentenced to a 225-month term of imprisonment, and a three-year term of supervised release, for bank robbery by force, violence, and intimidation, in violation of 18 U.S.C. § 2113(a). (DE # 117.) Miller is currently incarcerated at FCI Greenville, in Greenville, Illinois. Miller is 56 years old and has a projected release date of November 2, 2028. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Mar. 23, 2021).

Miller, with the assistance of appointed counsel, has filed a motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE ## 185, 196.) Miller has Type II diabetes, high cholesterol, obesity, an enlarged prostate, a fatty liver, and has "had contact with tuberculosis." (DE # 185 at 1; DE # 196 at 1.) Miller claims that his medical conditions, the conditions of his incarceration, and his age, place him at an increased risk of contracting, and falling seriously ill from, COVID-19. (DE # 196 at 6.) He

argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison.[1] (*Id.*) This matter is fully briefed and is ripe for ruling.

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau

---

[1] Miller also requests that his sentence be modified to permit him to serve the remainder of his sentence on home confinement. Once a sentence is imposed, the Bureau of Prisons is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . ."); *United States v. Richard*, No. 17-30014, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020) ("[T]he Court lacks authority to direct the BOP to place the Defendant in home confinement[.]"). While this court lacks authority to direct the BOP to permit Miller to serve the remainder of his sentence on home confinement, this court could – if warranted – grant Miller early release from prison pursuant to § 3582(c)(1)(A), and impose an additional term of supervised release that includes a period of home detention.

of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On July 14, 2020, August 23, 2020, and again on August 31, 2020, Miller filed a request for compassionate release with the warden of his prison. (DE # 196-2 at 1, 3, 5.) His request was denied on September 9, 2020. (*Id.* at 6.) Miller filed his *pro se* motion for compassionate release on August 31, 2020, more than 30 days after he submitted his initial request for compassionate release to his facility. The Government concedes that Miller has met the exhaustion requirement. (DE # 199 at 5-6.) Accordingly, the court finds that Miller has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant defendant's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that

3

"substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Miller argues that his medical conditions and age place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having Type II diabetes increases a person's risk for severe illness from COVID-19, as does obesity. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-me

4

dical-conditions.html (last visited Mar. 22, 2021). The CDC has also identified age as a risk factor for severe illness and death from COVID-19. *Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last visited Mar. 23, 2021) (reporting that a U.S. study found that the case fatality rate was 1%-3% in those 55-64 years old).

Since filing his motion, Miller did in fact contract COVID-19. Miller tested positive for COVID-19 in December 2020. (DE # 210 at 2.) Miller informed defense counsel that his symptoms consisted of chills, headaches, and a persistent sore throat. (*Id.*) He later informed counsel that he suffers from "fatigue, foggy mental abilities, headaches, chest pains and even trouble breathing at times." (DE # 212 at 2.) He informed counsel that he is under the treatment of medical providers at his facility. (*Id.*)

Miller argues that the conditions of his incarceration place him at an increased risk of contracting the virus for a second time. He points to compliance issues among inmates and staff regarding safety precautions, the number of cases at his facility, and air circulation problems within the facility.

Miller is currently incarcerated at FCI Greenville. The BOP reports that there have been 732 inmates and 64 staff members who have recovered from COVID-19 at this facility. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 23, 2021). However, it appears that the BOP has now controlled the spread of COVID-19 at Miller's prison. There are

currently 0 inmate cases and 14 staff member cases of COVID-19. *Id.* There have been no inmate or staff member deaths from COVID-19 at the facility. *Id.*

Under the circumstances, Miller has not established an extraordinary and compelling reason warranting compassionate release. While his medical conditions do place him at an increased risk of severe illness were he to contract COVID-19 for a second time, the virus has been effectively controlled at his facility. In fact, there are currently *zero* inmate cases of COVID-19 at Miller's facility, and no reason in the record to believe that the infected staff members are continuing to enter the facility. Accordingly, defendant is not entitled to compassionate release.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to defendant's situation and his concern about potentially becoming re-infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of

6

every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 185.) The court **GRANTS** defendant's motion to appoint counsel. (DE # 186.)

**SO ORDERED.**

Date: March 25, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT