UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:12 CR 10 |
| ) | |
| JOSEPH MILLER ) | |

### OPINION and ORDER

This matter is before the court on defendant Joseph Miller's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 263.) For the reasons that follow, the motion will be denied.

I.   BACKGROUND

In August 2014, following his jury trial, Miller was sentenced to a 225-month term of imprisonment, and a three-year term of supervised release, for bank robbery by force, violence, and intimidation, in violation of 18 U.S.C. § 2113(a). (DE # 117.) Miller is currently incarcerated at FCI Greenville, in Greenville, Illinois. Miller is 60 years old and has a projected release date of November 29, 2028. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 13, 2025).

Miller, proceeding without counsel, now moves for compassionate release. (DE # 263.) The Government opposes the motion. (DE # 266.) This matter is fully briefed and is ripe for ruling.

II.   LEGAL STANDARD

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, there are a handful of

statutory exceptions to this rule. Under one such exception, a court may grant a convicted defendant compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

## III. ANALYSIS

The Government does not challenge Miller's assertion that he exhausted his administrative remedies. It therefore appears that either Miller has satisfied § 3582(c)(1)(A)'s exhaustion requirement, or else the Government has waived the issue. *See e.g. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."). Accordingly, the court will proceed to the merits of Miller's motion.

### A.    *Catch-All Provision*

Miller first argues that he should be granted compassionate release under the "catch-all" provision in the Sentencing Commission's policy statement regarding compassionate release. *See* USSG § 1B1.13(b)(5). Section 1B1.13(b)(5) provides that a defendant has an extraordinary and compelling reason for compassionate release if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

Miller argues that the combination of his health, age, and rehabilitation, creates a circumstance similar in gravity to the other circumstances explicitly identified by the Sentencing Commission. With regard to his health, he claims that he has Type 2 diabetes, a fatty liver, elevated liver enzymes, high cholesterol, and an enlarged prostate. He claims that these conditions, in combination with his age, place him at an elevated risk of harm were he to contract COVID-19.

In 2021 this court considered and rejected Miller's arguments that his health, age, and risk of contracting COVID-19 amounted to an extraordinary and compelling circumstance justifying his early release from prison. (DE # 217.) In his present motion, Miller does not add to any of the arguments that this court previously considered, nor does he identify any change to his health or circumstance, save the passage of time. If anything, Miller's risk today is less than it was in 2021, at the height of the COVID-19 pandemic, when this court first rejected his arguments. "Today . . . vaccines provide a much better defense against infection than any judicial order could do." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). Moreover, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." *Id.* Miller, who has been vaccinated (*see* DE # 268 at 39), has not provided any evidence suggesting that he is at greater risk of a dire outcome inside prison than he would be outside. And, "if he would remain at a comparable risk outside of prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1071–72 (7th Cir. 2023).

Miller also points to his efforts at rehabilitation in prison. "Rehabilitation of the

3

defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Here, Miller has not identified any reason (including his health, age, or any change in law – discussed below) that would, when considered in combination with his rehabilitation, rise to the level of an extraordinary and compelling reason for compassionate release.

    B.    *Unusually Long Sentence*

Miller next argues that he has an extraordinary and compelling reason for compassionate release based on the Sentencing Commission's November 2023 amendment to its policy statement in § 1B1.13 of the Sentencing Guidelines. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under § 3582(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Sentencing Commission limited this provision with its simultaneous addition of § 1B1.13(c), which states in relevant part, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an

4

extraordinary and compelling reason exists under this policy statement."

According to Miller, the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), overruling the *Chevron* deference doctrine, was a change in the law for purposes of § 1B1.13(b)(6). According to Miller, his prior state controlled substance offenses would no longer serve to qualify him as a career offender under U.S.S.G. § 4B1.1 because the Sentencing Guidelines defined a 'controlled substance offense' as "an offense under federal or state law . . ." and, after *Loper Bright*, federal courts must now exercise their independent judgment to determine whether a prior state offense qualifies as a predicate offense for the career offender sentencing enhancement. (DE # 263 at 9-12.) Miller argues:

> The determination of whether a prior state drug offense qualifies as a 'Controlled Substance Offense' under Federal law for a Chapter Four Sentencing Enhancement belongs to the Federal Court, and this determination can only be accomplished by the application of the Categorical approach. The overruling of *Chevron* and its deference doctrine gives the Federal court the authority to determine whether the state agency's statute is broader than the federal law by criminalizing a broader swath of conduct than the Sentencing Guidelines['] current definition of a 'controlled substance offense.'

(*Id.* at 13.) He argues that this change in law has created a gross disparity in the sentence he would receive if sentenced today. (*Id.* at 11.)

Miller appears to believe that state criminal offenses are created through agency action, which is incorrect. *Loper Bright*, which concerned the level of deference courts may give to agency interpretation of ambiguous statutes, has no application here. The Sentencing Commission itself set forth the criteria for which state law offenses

5

constitute a controlled substance offense for purposes of the enhancement. *See* U.S.S.G. § 4B1.2(b)(1). And Miller does not challenge the Sentencing Commission's authority to set such a definition. Miller has failed to identify any change in law that would bring him within the purview of § 1B1.13(b)(6).

Furthermore, even if *Loper Bright* had some relevance to Miller's case, the Seventh Circuit has held that non-retroactive judicial decisions cannot serve as the basis for compassionate release. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

"[A] legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir.), *reh'g denied sub nom. United States v. Vader*, No. 22-1798, 2023 WL 3230513 (7th Cir. May 3, 2023), *and cert. denied sub nom. Vader v. United States*, 144 S. Ct. 388 (2023).

> [T]he sort of 'extraordinary and compelling' circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline

6

applies retroactively.

*Id.* (citing 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10).

The court recognizes that *Brock*, *King*, and *Martin* were decided in an interim period when courts lacked an applicable policy statement from the Sentencing Commission as to what constituted an 'extraordinary and compelling' reason for compassionate release motions brought by prisoners. *See United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025) (detailing history of compassionate release case law after passage of First Step Act.) After *Brock*, *King*, and *Martin* were issued, the Sentencing Commission amended its policy statement to add § 1B1.13(b)(6). Section 1B1.13(b)(6) directly conflicted with the Seventh Circuit's earlier decision in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), which held that a non-retroactive amendment in the First Step Act could not serve as the basis for compassionate release because the discretionary authority conferred by § 3582(c)(1)(A) cannot be used to effect a sentencing reduction at odds with Congress' express determination that the amendment applies prospectively only. In *Black*, the Seventh Circuit found that it's holding *Thacker* should prevail in this conflict, finding that *Thacker* "remains binding law, and the Commission's attempt to say otherwise [by promulgating § 1B1.13(b)(6)] exceeds its statutory authority." 131 F.4th at 543. Although *Black*'s holding was specific to § 924(c), the Seventh Circuit held in an unpublished decision that *Black* "reinforces the district court's intuition that nonretroactive changes in law may not be considered extraordinary and compelling reasons for relief." *United States v. Griffin*, No. 24-1970, 2025 WL 1659278, at *1 (7th Cir. June 12, 2025). A subsequent pair of unpublished

7

decisions issued by the appellate court again affirm this position. *See United States v. Davis*, No. 24-2624, 2025 WL 1983883, at *1 (7th Cir. July 17, 2025) (rejecting compassionate release under § 1B1.13(b)(6) on the basis that judicial decisions cannot alone amount to an extraordinary and compelling reason for compassionate release); *United States v. Whited*, No. 24-2849, 2025 WL 1693519, at *1 (7th Cir. June 17, 2025) (same).

To the extent that § 1B1.13(b)(6) would permit a subsequent judicial decision to qualify as an extraordinary and compelling reason for compassionate release, § 1B1.13(b)(6) exceeds the Sentencing Commission's authority and is invalid. The Sentencing Commission's policy statements cannot conflict with federal statute, and permitting a defendant to use compassionate release to circumvent the statutory pathways for, and limitations on, a defendant's ability to challenge his underlying sentence, would do just that.[1] For these reasons, Miller has not established an extraordinary and compelling reason for compassionate release based on § 1B1.13(b)(6).

## III.   CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE # 263). The court **DENIES as moot** defendant's

---

[1] The court notes that the Supreme Court recently granted certiorari to decide the following question: "Whether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." *Fernandez v. United States*, No. 24-556, 2025 WL 1496486, at *1 (U.S. May 27, 2025). At this time, the court is bound by Seventh Circuit precedent barring defendants from establishing an extraordinary and compelling reason for compassionate release based on substantive challenges to the sentence.

motion for status. (DE # 270.) The court **GRANTS** the Government's motion to seal. (DE # 267.)

**SO ORDERED.**

Date: November 14, 2025

                                  s/James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT