UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12 CR 10 |
| | ) | |
| JOSEPH MILLER | ) | |

## OPINION and ORDER

This matter is before the court on defendant Joseph Miller's motion to reconsider (DE ## 277, 278) this court's order denying him compassionate release. (DE # 276.)

Although the Federal Rules of Criminal Procedure do not expressly provide for motions to reconsider, such motions are nevertheless regarded as "ordinary elements of federal practice that exist in criminal prosecutions . . .." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). "[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *Id.* (citing *United States v. Healy*, 376 U.S. 75 (1964)).

"[A]s a matter of general practice[,] a motion to reconsider in a criminal prosecution is proper and may be entertained if it is filed in time." *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (citation omitted). "[C]riminal defendants may invoke the common-law practice of moving to reconsider rulings denying sentence-reduction requests, but they must do so within the time to appeal—14 days." *United States v. Kruse*, No. 24-1978, 2024 WL 5155567, at *2 (7th Cir. Dec. 18, 2024) (citing *Beard*, 745 F.3d at 291). "Motions filed outside of the 14-day time limit, as here, are 'ineffectual' attempts to reconsider a prior sentence-reduction request; instead courts should treat

them as new motions for a sentence reduction." *Id.* (citing *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011)) (treating untimely motion to reconsider as renewed motion for compassionate release); *see also United States v. Schaumberg*, No. 25-1075, 2025 WL 3679029, at *1 n.2 (7th Cir. Dec. 18, 2025) (same).

"[A]lthough a defendant may file more than one motion for compassionate release, subsequent motions must be based on materially different conditions. *Kruse*, No. 24-1978, 2024 WL 5155567, at *2 (citing *United States v. Vaughn*, 62 F.4th 1071, 1071 (7th Cir. 2023)). District courts are empowered to dismiss repetitive requests. *See In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024).

In this case, Miller repeats the grounds for compassionate release that he raised in his original motion. Contrary to Miller's assertions, the court considered and addressed the grounds in his original motion. Miller argues that he qualifies for compassionate release under the "catch-all" provision of U.S.S.G. § 1B1.13(5). (DE # 277 at 2.) He argues that his medical conditions (type II diabetes, high blood pressure, fatty liver, enlarged prostate, elevated liver enzymes, and long-COVID symptoms) justify his early release. He also argues that his age (61), status as a father, grandfather, and great-grandfather, in combination with his lack of prison disciplinary infractions over the last year, justify his early release. He argues that he poses a low recidivism risk. (*Id.*) As explained to Miller in this court's prior order (DE # 276), nothing in Miller's motions or attached exhibits demonstrates an extraordinary and compelling reason for compassionate release.

Furthermore, as this court has explained to Miller before (*see id.*) rehabilitation

2

alone cannot serve as a basis for compassionate release. And Miller has not identified any other basis that, alone or in combination with his rehabilitation, could be considered extraordinary and compelling.

Finally, Miller asks that the court wait until the Supreme Court has issued an opinion on the validity of § 1B1.13(b)(6) of the Sentencing Guidelines, before denying his motion for compassionate release. Miller chose to make his argument based on § 1B1.13(b)(6); he was not compelled to bring this argument at this time. If circumstances change, he is free to bring a renewed motion.[1]

### III. CONCLUSION

Based on the foregoing, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c). (DE ## 277, 278).

**SO ORDERED.**

Date: January 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[1] Miller also argues that he has not received adequate medical care in prison. (DE # 277 at 3.) He is free to file a civil complaint pursuant to 42 U.S.C. § 1983 to address this concern.